UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------
LEONARDO VILLAR and DAVON WALKER,

                                  Plaintiffs,                **FIRST AMENDED
COMPLAINT**

        -against-

THE CITY OF NEW YORK,                       16 CV 1770 (JGK)
SERGEANT ESTEBAN ABREU (TAX NO. 941310),
and JOHN DOES 1 and 2,                   JURY TRIAL DEMANDED

                              Defendants.
------------------------------------------------------------------------------------

      Plaintiffs, LEONARDO VILLAR and DAVON WALKER, by and through their attorneys,

**THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint,

respectfully allege, upon information and belief:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees

   pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said

   rights are secured by said statutes and the Constitution of the United States of America.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth

   and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that a

   substantial part of the events giving rise to the claim occurred in Bronx County, in the State

   of New York.

1

## NOTICE OF CLAIM

5.  Plaintiffs each filed a Notice of Claim with the Comptroller of the City of New York on September 14, 2015 within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

6.  Plaintiffs complied with all conditions precedent to commencing an action pursuant to New York State Law.

## JURY DEMAND

7.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8.  Plaintiff, LEONARDO VILLAR, is, and has been, at all relevant times, a resident of Bronx County in the City and State of New York.

9.  Plaintiff, DAVON WALKER, is, and has been, at all relevant times, a resident of Bronx County in the City and State of New York.

10. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

11. At all relevant times hereinafter mentioned, defendant, SERGEANT ESTEBAN ABREU (TAX NO. 941310), was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned Sergeant Abreu was assigned to the PSA 8 of

the NYPD.  Sergeant Abreu is sued herein in his official and individual capacities.

12. At all relevant times hereinafter mentioned, the Doe defendants, were individuals employed by the City of New York as members of the NYPD assigned to PSA 8, whose identities are currently unknown to the plaintiffs.  The Doe defendants are sued herein in their official and individual capacities.

13. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

16. On August 19, 2015, at approximately 9:30 p.m., plaintiffs LEONARDO VILLAR and DAVON WALKER, were lawfully present in front of 1460 Bronx River Avenue, in the County of Bronx, City and State of New York, along with 10-15 other individuals.

17. At this time, uniformed members of the NYPD arrived at the location on duty and were chasing other unknown individuals who were not associated with the Plaintiffs or the 10-15 others standing lawfully near 1460 Bronx River Avenue.

18. These unknown individuals ran into a building near the location of Plaintiffs.

19. The uniformed members of NYPD who had been chasing them followed the unknown individuals into the building, but exited shortly thereafter.

20. At about this time, other plainclothes officers, including Defendant Abreu, arrived on the scene and, without any reasonable basis or justification for doing so, told Mr. Villar to move.

21. The plainclothes officers did not issue any orders or instructions to Plaintiff Walker or to the 10-15 other standing at that location.

22. The uniformed members of the NYPD who were originally on the scene told the plainclothes officers that Plaintiffs were not involved in the chase.

23. The Plaintiffs were not otherwise involved in any unlawful or suspicious activity.

24. Plaintiff Villar asked Defendant Abreu why he was being asked to move.

25. Without warning or explanation, Defendant Abreu, grabbed Plaintiff Villar, punched him in the face, and assaulted him by striking and kicking him on his body and face.

26. Defendant Abreu also maced Plaintiff Villar.

27. At this time, Plaintiff Walker was also at the same location.

28. At no time was Plaintiff Walker asked to move from the location.

29. Nonetheless, Plaintiff Walker was punched in the back of the head, punched in the face, punched in the ribs, and was told by the Defendants to "shut the fuck up."

30. Without any probable cause or reasonable justification, both Plaintiffs were placed in handcuffs and were formally arrested.

31. The Plaintiffs were not engaged in any violent or threatening behavior, and did not resist arrest.

32. Both Plaintiffs placed in an NYPD vehicle and were transferred from that location to a stationhouse of local area precinct where they were held for several hours.

33. From the stationhouse, both Plaintiffs were taken to Jacobi Hospital to receive treatment for the injuries they sustained at the hands of the defendants.

4

34. Upon information and belief, members of the NYPD Internal Affairs Bureau came to speak to the Plaintiffs while they were in the hospital.

35. Plaintiff Walker was eventually released from custody and from the hospital without explanation and without being charged.

36. Plaintiff Villar remained in custody and was taken from the hospital back to the stationhouse, where he was held for several hours before he was taken to Bronx County Central Booking.

37. Plaintiff Villar was held at Bronx County Central Booking for several hours before he was arraigned on a criminal complaint containing false allegations sworn to by Defendant Abreu.

38. Pursuant to these false allegations, Plaintiff Villar was charged with Resisting Arrest (P.L. § 205.30), Obstructing Governmental Administration (P.L. § 195.05), Harassment (P.L. §240.26(1)), and Disorderly Conduct (P.L. § 240.20(6)) (Disorderly Conduct – Failure to Comply with a Lawful Order to Disperse) based on false statements supplied by Defendant Abreu.

39. Specifically, Defendant Abreu falsely stated in the Criminal Complaint that at the scene of the arrest, Plaintiff Villar "was instructed to disperse three (3) times and failed to disperse."

40. This statement is false.

41. Defendant Abreu provided these false statements to the Bronx County District Attorney's Office knowing that there was no basis to support these allegations.

42. Moreover, probable cause to arrest an individual for a violation of P.L. § 240.20(6) exists only where the police give a lawful order to disperse and a meaningful opportunity to comply with it and the person lawfully ordered to disperse refuses to do so.

43. Defendant Abreu did not issue Plaintiff Villar a lawful order to disperse and, in any event, did not provide Plaintiff a meaningful opportunity to comply with any command.

5

44. No order was issued to Plaintiff Walker or to the 10-15 other individuals at that location.

45. Neither Plaintiff possessed the culpable mental state to create a public disturbance within the meaning of any statute, and, in fact, they were not creating a public disturbance nor were they interfering with police activity in any way.

46. Moreover, any order issued to Plaintiff Villar was arbitrary and unreasonable.

47. The allegations, information, and evidence, provided by Defendants Abreu, were false and the defendants knew them to be false when he made them.

48. At Plaintiff Villar's arraignment, he was released from custody but was forced to make several court appearances over the course of several months pursuant to the false allegations before his charges were dismissed.

49. The decision to arrest Plaintiffs was objectively unreasonable under the circumstances.

50. At no time did there exist sufficient cause to seize or arrest Plaintiffs, nor could the defendants have reasonably believed that such cause existed.

51. The factual allegations and testimony sworn to by Defendant Abreu were materially false and deliberately made to justify the illegal arrest of Plaintiffs.

52. At no time did Defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against Plaintiffs.

53. The individual Defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

54. That at all times relevant herein, the Defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. SECTION 1983

55. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

56. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

57. At no time did Defendants have any legal basis for arresting or imprisoning Plaintiffs, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

58. Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

59. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

60. Defendants did not make a complete and full statement of facts to the District Attorney.

61. Defendants withheld exculpatory evidence from the District Attorney.

62. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiffs.

63. Defendants lacked probable cause to initiate criminal proceedings against Plaintiffs.

64. Defendants acted with malice in initiating criminal proceedings against Plaintiffs.

65. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiffs.

66. Defendants lacked probable cause to continue criminal proceedings against Plaintiffs.

67. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff Villar.

68. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Plaintiff Villar's favor when the charges against him were dismissed.

69. By so doing, the individual defendants, individually and collectively, subjected Plaintiff Villar to excessive force, false arrest and imprisonment, malicious prosecution, malicious use and abuse of process, unlawful searches of person and property, fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

70. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff Walker to excessive force, false arrest and imprisonment, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

71. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. SECTION 1983

72. Plaintiffs, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

73. The NYPD Defendants assaulted, arrested, searched, and incarcerated plaintiff LEONARDO VILLAR, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-

being, safety, and violate his constitutional rights.

74. The NYPD Defendants assaulted, arrested, and searched plaintiff DEVON WALKER, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

75. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

76. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

77. Those customs, policies, patterns, and practices include, but are not limited to:

    i.   requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.   requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.   failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.   failing to properly train police officers in the requirements of the United States Constitution.

78. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.   arresting individuals regardless of probable cause in order to inflate the

        officer's arrest statistics;

ii.    arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

iii.    falsifying evidence and testimony to support those arrests;

iv.    falsifying evidence and testimony to cover up police misconduct.

79. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

80. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

81. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

82. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiffs were searched and placed under arrest unlawfully.

83. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

84. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

85. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected

constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

### THIRD CAUSE OF ACTION FOR
### FALSE ARREST AND EXCESSIVE FORCE
### PURSUANT TO NEW YORK STATE LAW

86. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

87. At all times hereinafter mentioned, Defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to Plaintiffs for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

88. Plaintiffs were detained and held under the imprisonment and control of the Defendants under false pretenses.

89. Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiffs, without warrant, authority of law or probable cause therefore.

90. The acts and conduct on the part of the individual Defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiffs against his will and without their consent; unlawfully and intentionally detaining and confining Plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiffs through the unlawful arrest of Plaintiffs; unlawfully detaining and confining Plaintiffs through the use of force; unlawfully

arresting Plaintiffs and placing Plaintiffs in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiffs.

91. At all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

92. Plaintiffs were conscious of the confinement.

93. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiffs were caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, physical injury, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

94. By the actions described above, the individual Defendants and THE CITY OF NEW YORK caused Plaintiffs to be subjected to excessive force, false arrest and/or false imprisonment without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

95. As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the Plaintiffs respectfully request judgment against Defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       May 23, 2016

                              Respectfully submitted,

                              **LAW OFFICES OF MICHAEL S.
                              LAMONSOFF, PLLC**
                              *Counsel for the Plaintiffs*


                                       /S/
                       By:     JESSICA MASSIMI (JM-2920)
                               32 Old Slip, 8th Floor
                               New York, New York 10005
                               (212) 962-1020